UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                Plaintiff,

      -v-

ROSALYN YALOW CHARTER SCHOOL,

                Defendant.

22-CV-7269-LTS

ORDER

Plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "PIIC") brings this action against Defendant Rosalyn Yalow Charter School ("Defendant" or "Rosalyn"), in which it asserts a single count for contractual indemnification. (Docket entry no. 1 ("Compl.").)  Rosalyn previously moved to dismiss the Complaint, arguing that the Court should abstain under the principles enunciated in Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), from exercising its jurisdiction in light of an overlapping, pending appeal in state court, or, in the alternative, stay this action pending resolution of that appeal. (Docket entry no. 10.)  The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1332.

After the Court discovered that the Appellate Division, First Department had issued a ruling on the pending appeal, it directed the parties to provide a status update on whether and to what extent that decision affected their positions in connection with the pending motion to dismiss. (Docket entry no. 20.)  In their updates, both parties agreed that Defendant's arguments regarding abstention are now moot, as there are no concurrent state court proceedings that could be considered "parallel" to this action under the abstention doctrine. (See docket entry nos. 24-25.)  The Court concurs, and dismisses Defendant's pending motion to dismiss as moot.  The Clerk of Court is respectfully directed to terminate docket entry no. 10.

In its status update, Defendant requests permission to file a Rule 12(b)(6) or 12(c) motion to dismiss the complaint on the ground that Plaintiff's complaint is barred by <u>res judicata</u> and the Rooker-Feldman doctrine, and that the Court set a briefing schedule for the motion practice.  (Docket entry no. 25 at 2-3.)  The Court grants the request.  Defendant may answer the complaint or file a further pre-answer motion to dismiss the complaint by **February 12, 2024**.  Should the Defendant file an answer, any Rule 12(c) motion on the foregoing grounds must be filed by **February 20, 2024**.  The commencement of any motion practice is subject to compliance with subdivision A.2.b. of the Individual Practices Rules of the undersigned.  Any motion must be briefed in accordance with S.D.N.Y. Local Civil Rule 6.1(b).

SO ORDERED.

Dated: New York, New York
       January 22, 2024

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge