UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

Plaintiff,

-v-

ROSALYN YALOW CHARTER SCHOOL,

Defendant.

1:22-cv-07269-LTS

---

MEMORANDUM ORDER

In this action, plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff" or "Plaintiff PIIC") claims contractual indemnity rights against defendant Rosalyn Yalow Charter School ("Defendant" or "Defendant School") as the subrogee of its insured, for which it made a liability insurance payment in connection with an accident that occurred on premises that Defendant School leased from Plaintiff's insured. The Court has subject matter jurisdiction of this action under 28 U.S.C. section 1332.

Defendant School brings a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (Docket entry no. 28.) The Court has considered carefully the parties' submissions (docket entry no. 29 ("Def. Mem."); docket entry no. 31 ("Pl. Mem."); docket entry no. 32 ("Def. Reply")), and, for the following reasons, Defendant's motion is denied.

BACKGROUND

The following summary is drawn from the Complaint (docket entry no. 1 ("Compl.")), the well-pleaded factual allegations of which are taken as true for the purposes of this motion to dismiss practice.

Plaintiff PIIC is the liability insurer of non-party Walker Memorial Baptist Church, Inc. ("Walker Memorial"), in connection with Walker Memorial's property located at 116 East 169th Street, Bronx, New York 12550 (the "Subject Property").  (Compl. ¶ 2.)  Walker Memorial leased the Subject Property to Defendant School pursuant to a lease agreement dated April 30, 2015 (the "Lease Agreement").  (Id. ¶¶ 2, 8; Compl. Ex. A ("Lease Agreement").)  Under the Lease Agreement, Defendant School agreed to indemnify and hold harmless Walker Memorial "from and against all liabilities, obligations, claims, . . . causes of action, costs and expenses . . . imposed upon or incurred by or asserted against [Walker Memorial] . . . by reason of occurrence or existence of . . . any accident, injury to or death of persons (including workers) . . . occurring, or claimed to have occurred, on or about the [Subject Property]"—except to the extent of Walker Memorial's negligence or willful misconduct.  (Compl. ¶ 9; Lease Agreement ¶ 14.)

Under the Lease Agreement, Defendant School also agreed to name Walker Memorial as an additional insured on Defendant School's liability insurance policy and that such coverage would be primary to Walker Memorial's liability insurance coverage from PIIC. (Compl. ¶ 10; Lease Agreement ¶ 13.)   Consequently, Walker Memorial was covered as an additional insured under Defendant School's insurance policies—which were issued by the Travelers and Munich Re insurance companies—and Plaintiff PIIC's liability coverage to Walker Memorial was in excess of Travelers' liability coverage to Walker Memorial.  (Compl. ¶ 17.)

On May 8, 2017, Curtis Nash, an employee of Defendant School, was seriously injured after a slip-and-fall accident in a room on the Subject Property that was wet due to a leaking ceiling.  (Id. ¶¶ 11, 15.)  Defendant School knew about the dangerous condition of the floor of the room but failed to address it.  (Id. ¶¶ 12, 14.)

On September 25, 2017, Nash filed a New York state court action against Walker Memorial, among others, seeking to recover damages for his injuries.  See Nash v. Walker Mem'l Baptist Church (Nash I), 168 N.Y.S.3d 678 (N.Y. Sup. Ct. Bronx Cnty. 2022).  In that action, Walker Memorial brought a third-party complaint against Defendant School for, inter alia, contractual indemnity under the Lease Agreement.  (Compl. ¶ 20); see also Nash I, 168 N.Y.S.3d at 678.

At a November 23, 2021, virtual mediation, Nash settled his claims against Walker Memorial for $1,750,000.  (Compl. ¶ 18.)  Travelers paid Nash $1,000,000, the extent of its policy limit, and Plaintiff PIIC paid Nash $750,000.[1]  (Id. ¶ 18.)  During the mediation, there was no discussion of resolving Walker Memorial's third-party indemnity claim under the Lease Agreement against Defendant School.  (Id. ¶ 22.)

After the virtual mediation, counsel for Defendant School and Defendant School's excess liability insurer Munich Re, and counsel for Walker Memorial, exchanged emails about whether the settlement resolved all third-party claims.[2]  (Id.)  Plaintiff PIIC's counsel, who had participated in the virtual mediation, was not included in the email exchange.  (Id. ¶ 23.)  In this email exchange, counsel for Walker Memorial said that he "will make sure that the paperwork

---

[1]     Munich Re did not pay any part of the settlement, and its liability coverage to Walker Memorial appears to be in excess of the coverage provided by Travelers.  Nash II, 198 N.Y.S.3d at 339 (describing Munich Re as "[Defendant School's] excess liability carrier"); (see also Compl. ¶ 18).  Whether Munich Re's coverage was in excess of Plaintiff PIIC's coverage appeared to be in dispute.  See Nash I, 168 N.Y.S.3d at 678 (noting that the "[t]he Post Mediation Agreement contains the mediator's own handwritten notes on the settlement terms which included 'Walker/Philadelphia reserves its rights against Munich Re Insurance'").

[2]     The Complaint specifically reads "counsel for [Defendant School] and its excess liability carrier emailed defense counsel for Walker Memorial . . . ."  (Compl. ¶ 22.)  The reference to Defendant School's "excess liability carrier" is taken to refer to Munich Re. See supra note 1.

encompasses all claims."  (Id. ¶ 24.)  Counsel for Walker Memorial had not consulted Plaintiff

PIIC or received authorization from PIIC before making that statement and, as noted, PIIC's

counsel was not included in the email exchange.  (Id. ¶¶ 23-24.)

   After the settlement, Walker Memorial continued to press its third-party

contractual indemnity claim against Defendant School in the New York state court action that

had originally been commenced by Nash.  Nash I, 168 N.Y.S.3d at 678; see Nash v. Walker

Mem'l Baptist Church, Index No. 29898/2017E, Docket No. 208 (N.Y. Sup. Ct. Bronx Cnty. Jan.

26, 2022) (stipulation of discontinuance reciting that the action "has been settled between

plaintiff(s) CURTIS NASH, against the defendants WALKER MEMORIAL BAPTIST

CHURCH, INC., EDEN GENERAL CONSTRUCTION, INC., AND HUGHES

ENVIRONMENTAL ENGINEERING, INC., . . . together with all counterclaims and

cross-claims except as to third party defendant Rosalyn Yalow Charter School").

   On February 4, 2022, Defendant School moved in the state court action to enforce

the settlement against Walker Memorial, i.e., to preclude Walker Memorial's third-party claim as

settled.  Nash v. Walker Mem'l Baptist Church, Index No. 29898/2017E, Docket No. 209 (N.Y.

Sup. Ct. Bronx Cnty. Feb. 7, 2022).  On June 8, 2022, the state trial court granted that motion

and ordered Walker Memorial to discontinue all of its claims against Defendant School.  Nash I,

168 N.Y.S.3d at 678.  The court held that "[Defendant School] established prima facie that the

parties [(Defendant School and Walker Memorial)] had an enforceable settlement agreement by

submitting an email from Walker Memorial's counsel agreeing to the settlement."  Id.; (see also

Compl. ¶ 25).

   Plaintiff PIIC filed the instant action on August 25, 2022.  Plaintiff PIIC claims it

became subrogated to Walker Memorial's indemnification claim against Defendant School under

the Lease Agreement by virtue of the amount it paid to Nash on behalf of Walker Memorial. (Compl. ¶¶ 26-27.)  As Walker Memorial's subrogee, Plaintiff PIIC seeks indemnification from Defendant School for the amount PIIC paid to Nash on behalf of Walker Memorial, $750,000. (Id. ¶¶ 28-34.)

On October 26, 2023, the Appellate Division, First Department, of the Supreme Court of the State of New York unanimously affirmed the state trial court's decision regarding the settlement agreement.  Nash v. Walker Mem'l Baptist Church (Nash II), 198 N.Y.S.3d 338, 339 (App. Div. 1st Dep't 2023).  The Appellate Division held that the "Supreme Court correctly determined that a binding settlement existed between Walker and [Defendant School] and that Walker released its third-party contractual indemnity claim."  Id. at 340.

## DISCUSSION

Defendant School brings this motion under Federal Rule of Civil Procedure 12(b)(6).  First, Defendant contends that Plaintiff PIIC's claim is barred by res judicata, collateral estoppel, and/or the Rooker-Feldman doctrine.  (Def. Mem at 7-10.)  Second, Defendant argues that the effect of the Appellate Division's decision was to extinguish Plaintiff PIIC's subrogated contractual indemnity claim.  According to Defendant, because the Appellate Division held that Walker Memorial settled the contractual indemnity claim with Defendant and because a subrogee (i.e., Plaintiff) stands in the shoes of the subrogor (i.e., Walker Memorial), Plaintiff no longer has any subrogation rights.  (Id. at 4, 10-13; Def. Reply at 5-7.)  Finally, Defendant argues that Plaintiff waived its subrogation rights by failing to preserve those rights during the mediation and settlement.

None of Defendant's arguments is availing for the reasons explained below.  First, the Appellate Division did not address the question of whether Plaintiff PIIC's rights as Walker

Memorial's subrogee survived Walker Memorial's settlement of its third-party claim.  Second,

New York law recognizes that there are circumstances, which Plaintiff PIIC has pleaded here,

under which an insurer's subrogation rights survive its insured's settlement of the claim that the

insurer seeks to pursue.  Finally, Plaintiff PICC has pleaded facts sufficient to state a claim that it

can enforce its subrogation rights.  Defendant's motion to dismiss the complaint is, accordingly,

denied.

Standard of Review

        To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough

facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007).  A proper complaint cannot simply recite legal conclusions or bare elements of

a cause of action; there must be factual content pleaded that "allows the court to draw the

reasonable inference that the defendant is liable for the conduct alleged."  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009).  The Court accepts as true the nonconclusory factual allegations in the

Complaint and draws all reasonable inferences in the Plaintiff's favor.  Roth v. Jennings, 489

F.3d 499, 501 (2d Cir. 2007).

Whether Res Judicata, Collateral Estoppel, and/or the Rooker-Feldman Doctrine Preclude
Plaintiff's Claim

        "To determine the effect of a state court judgment, federal courts . . . are required

to apply the preclusion law of the rendering state."  Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 87

(2d Cir. 2000); see also 28 U.S.C. § 1738.  "Under New York law, a 'final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action.'"[3]  Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir.

---

[3]      The "'could have been' language of the third requirement is something of a misnomer.
The question is not whether the applicable procedural rules permitted assertion of the
claim in the first proceeding; rather, the question is whether the claim was sufficiently

2008) (quoting <u>Maharaj v. Bankamerica Corp.</u>, 128 F.3d 94, 97 (2d Cir. 1997)).  "To establish

claim preclusion, a party must show: (1) a final judgment on the merits, (2) identity or privity of

parties, and (3) identity of claims in the two actions."  <u>Belton v. Borg & Ide Imaging, P.C.</u>, 197

N.Y.S.3d 399, 401 (App. Div. 4th Dep't 2023) (quoting <u>Paramount Pictures Corp. v. Allianz Risk

Transfer AG</u>, 31 N.Y.3d 64, 73 (2018)).  With respect to the third element, New York courts

"have consistently applied a 'transactional analysis approach.'"  <u>Simmons v. Trans Express Inc.</u>,

37 N.Y.3d 107, 111 (2021) (quoting <u>O'Brien v. City of Syracuse</u>, 54 N.Y.2d 353, 357 (1981)).

"[T]o determine whether two claims arise out of the same transaction or series of transactions,"

New York courts consider whether "the claims turn on facts that 'are related in time, space,

origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a

unit conforms to the parties' expectations or business understanding or usage.'"  <u>Id.</u> at 111-12

(quoting <u>Xiao Yang Chen v. Fischer</u>, 6 N.Y.3d 94, 100-101 (2005)).  "'[O]nce a claim is brought

to a final conclusion, all other claims arising out of the same transaction or series of transactions

are barred, even if based upon different theories or if seeking a different remedy.'"  <u>Id.</u> at 111

(quoting <u>O'Brien</u>, 54 N.Y.2d at 357)).  Defendant's res judicata argument fails because this third

element—identity of claims—is not met.

The issue before the New York state courts was whether Walker Memorial, which

is not a party here, had agreed to settle the third-party indemnity claim that it had asserted against

Defendant School.  Defendant claimed in state court that Walker Memorial's third-party claim

had been settled and moved to enforce that settlement.  That claim was upheld by the state court.

---

related to the claims that were asserted in the first proceeding that it <u>should have been</u>
asserted in that proceeding."  <u>Pike v. Freeman</u>, 266 F.3d 78, 91 (2d Cir. 2001) (emphasis
in original).

Here, Plaintiff claims that, <u>regardless of</u> Defendant School's settlement with Walker Memorial, Plaintiff PIIC—as Walker Memorial's subrogee—has a surviving contractual indemnity claim against Defendant School under the Lease Agreement.  Plaintiff's claim here, which was not addressed by the Appellate Division, draws on a line of case law dealing with the effect of an insured's settlement on the rights of its insurer, and depends on factual circumstances that were not material to the motion in New York state action insofar as it was addressed to the insured's claim under the Lease Agreement.  Namely, the present action depends on whether Defendant School had knowledge of Plaintiff PIIC's subrogation right (<u>see</u> <u>infra</u> pp. 9-11) and whether Plaintiff preserved its subrogation right in the context of the mediation of the state court settlement (<u>see</u> <u>infra</u> pp. 11-13).  "Since different proof is required to establish each cause of action, the prior judgment is not a barrier to the present action" under the facts as pleaded by PIIC.  <u>Welch v. Shiffman</u>, 436 N.Y.S.2d 430, 431 (App. Div. 3d Dep't 1981).

For similar reasons, collateral estoppel does not warrant dismissal of the complaint at this juncture.  "[I]ssue preclusion in the sense of collateral estoppel operates to preclude relitigation of discrete issues of law and fact determined, or necessarily determined, in a prior action or proceeding."  <u>Kret by Kret v. Brookdale Hosp. Med. Ctr.</u>, 462 N.Y.S.2d 896, 900 (App. Div. 2d Dep't 1983), <u>aff'd</u>, 61 N.Y.2d 861 (1984).  To invoke collateral estoppel, Defendant must show that "(1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue."  <u>Luscher ex rel. Luscher v. Arrua</u>, 801 N.Y.S.2d 379, 381 (App. Div. 2d Dep't 2005).  As explained above, the issue of the survival of Plaintiff PIIC's subrogation rights was not addressed by the New York state courts.  The New York state courts did not address the line of case law dealing with the effect of an insured's settlement on the rights

of its insurer, on which Plaintiff PIIC relies here.  See infra pp. 9-11.  Nor are the New York state

court decisions so inconsistent with the well-pleaded allegations in Plaintiff PIIC's complaint as

to necessitate a finding—at this motion to dismiss stage—that Plaintiff waived, or otherwise

agreed to settle, its subrogated indemnification claim.  See infra pp. 11-13.

        Finally, "[t]he Rooker-Feldman doctrine provides that the lower federal courts

lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would

result in the reversal or modification of a state court judgment."  Hachamovitch v. DeBuono, 159

F.3d 687, 693 (2d Cir. 1998).  This doctrine is inapplicable because Plaintiff does not seek to

reverse or modify the Appellate Division's holding that "Walker released its third-party

contractual indemnity claim."  Nash II, 198 N.Y.S.3d at 338.  Plaintiff's right to relief here is not

dependent on overturning the state court judgment but is asserted irrespective of it.  Furthermore,

neither the Appellate Division nor the Supreme Court stated that Plaintiff PIIC had released its

subrogation claim.

The Merits: Effect of Insured Walker Memorial's Release of Its Indemnity Claim on Plaintiff
PIIC's Subrogation Rights

        The doctrine of subrogation allows an insurer to recover against a third-party

wrongdoer when the insurer pays for losses incurred by its insured that were caused by that

third-party wrongdoer.  See Fasso v. Doerr, 12 N.Y.3d 80, 86 (2009).  Defendant argues that

Plaintiff's subrogation right has been extinguished because the Appellate Division held that

Plaintiff's subrogor, Walker Memorial, had released its claim against Defendant School.  (See

Def. Mem. at 10-13); Nash II, 198 N.Y.S.3d at 338 ("Supreme Court correctly determined that a

binding settlement existed between Walker and [Defendant School] and that Walker released its

third-party contractual indemnity claim.").  Because the general rule is that "a subrogation claim

by an insurer 'depends upon the claim of the insured and is subject to whatever defenses the

tortfeasor has against the insured,'" <u>Allstate Ins. Co. v. Mazzola</u>, 175 F.3d 255, 260 (2d Cir.

1999) (quoting <u>Great Am. Ins. Co. v. United States</u>, 575 F.2d 1031, 1034 (2d Cir. 1978)),

Defendant contends that Plaintiff's subrogation claim must be dismissed.

       A well-recognized exception to the general rule lies at the heart of Plaintiff's

claim here.  Under New York law, an insurer's equitable right of subrogation attaches when it

makes a payment in respect of an insured's loss.  <u>Mazzola</u>, 175 F.3d at 260 (applying New York

law).  A later release of the insured's own rights against the tortfeasor does not vitiate the

insurer's right of subrogation, particularly where the tortfeasor is aware of the insurer's role.

"Where a third-party tortfeasor obtains a release from an insured with knowledge that the latter

has already been indemnified by the insurer or with information that, reasonably pursued, should

give him knowledge of the existence of the insurer's subrogation rights, such release does not bar

the insurer's right of subrogation."  <u>Id.</u> at 260; <u>see</u> <u>also</u> <u>Fasso</u>, 12 N.Y.3d at 88; <u>Grp. Health, Inc.</u>

<u>v. Mid-Hudson</u>, 871 N.Y.S.2d 780, 783 (App. Div. 3d Dep't 2009); <u>Silinsky v. State-Wide Ins.</u>

<u>Co.</u>, 289 N.Y.S.2d 541, 545 (App. Div. 2d Dep't 1968).  "Otherwise, a release would operate as a

fraud upon the insurer."  <u>Mazzola</u>, 175 F.3d at 261.

       Here, Plaintiff PIIC plausibly pleads that Defendant School was aware of

Plaintiff's subrogation right when Defendant settled with Walker Memorial.  Prior to the

settlement, Walker Memorial had asserted a third-party contractual indemnity claim against

Defendant.  (Compl. ¶ 20); <u>see</u> <u>Nash II</u>, 198 N.Y.S.3d at 339.  Plaintiff also alleges that

Defendant knew that payment by Plaintiff—on Walker Memorial's behalf—to settle Nash's

claims would give Plaintiff subrogation rights.  (Compl. ¶ 21); <u>see</u> <u>Mazzola</u>, 175 F.3d at 260

("An insurer's right of subrogation attaches, by operation of law, upon its payment of an

insured's loss.").   Plaintiff further alleges that Walker Memorial's counsel was not authorized to

release Plaintiff's subrogation rights.  (Compl. ¶ 24.)  These factual allegations, taken as true, plead plausibly that Plaintiff PIIC has a subsisting subrogation claim notwithstanding the settlement enforced against its insured Walker Memorial.

Neither the Appellate Division's holding nor the Supreme Court's holding is facially inconsistent with the facts as pleaded in the Complaint.  Neither state court addressed the exception invoked by Plaintiff PIIC here.  See generally Nash I, 168 N.Y.S.3d; Nash II, 198 N.Y.S.3d.  Accordingly, Plaintiff's subrogation claim survives Defendant's motion to dismiss.

Whether Plaintiff Waived its Subrogation Right

Finally, Defendant argues that Plaintiff waived its subrogation claim by failing to preserve its rights during the settlement discussions.  (Def. Reply at 5-7.)  "The insurer may waive its right to subrogation, either by contract or by conduct inconsistent with the right of subrogation."  Gibbs v. Hawaiian Eugenia Corp., 966 F.2d 101, 108 (2d Cir. 1992).  "Various acts or omissions on the part of an insurer with regard to litigation or possible litigation by the insured against a third party responsible for the loss have been regarded as establishing a waiver by the insurer of any claims."  Id. at 108.  For example, an insurer who "knew of the insured's action against the tortfeasor but failed to participate or protect its interest, or to contribute in any way to the prosecution" was held to have waived its subrogation rights.  Id. (citing Sun Ins. Off. v. Hohenstein, 220 N.Y.S. 386 (Mun. Ct. Manhattan Borough 1927); Shawnee Fire Ins. Co. v. Cosgrove, 85 Kan. 296 (1911), aff'd on reh'g, 86 Kan. 374 (1912)).

In support of its waiver argument, Defendant School points to the Appellate Division's description of the background of the settlement controversy.  There, the Appellate Division noted that:

> During a virtual mediation session, the parties [Walker Memorial and Defendant School] and their insurance carriers reached an agreement concerning the amounts that would be paid to plaintiff [Nash].  The

agreement also specified that Walker's insurance carrier, [Plaintiff] Philadelphia Indemnity Insurance Company (PIIC), reserved its rights against nonparty Munich Re Insurance, [Defendant School's] excess liability carrier.[4]  The mediator memorialized these terms in a postmediation agreement, which also contained language specifying that each party released the others from all claims or liability arising from the matter.[5]

Nash II, 198 N.Y.S.3d at 339.  According to Defendant, this statement by the Appellate Division in connection with Defendant School's settlement enforcement action against Walker Memorial constitutes a determination that, while Plaintiff PIIC expressly reserved its rights against Munich Re, Plaintiff failed to reserve—and, thus waived—its rights against Defendant.  (Def. Reply at 5-7.)

Defendant School's reliance on the Appellate Division's discussion is unavailing. The Appellate Division's holding that "a binding settlement existed between Walker [Memorial] and [Defendant School] and that Walker [Memorial] released its third-party contractual indemnity claim," Nash II, 198 N.Y.S.3d at 340, does not on its face operate—by virtue of res judicata, collateral estoppel, or the Rooker-Feldman doctrine—to establish waiver of Plaintiff PIIC's subrogation rights against the School.  As explained supra pp. 6-9, the Appellate Division only addressed whether Walker Memorial and Defendant had a binding settlement agreement—it did not address the separate, and distinct, issue of waiver.  The Appellate Division decision spoke to the question raised in Defendant School's motion for enforcement, finding that "Walker

---

[4]     "At the end of the mediation, the mediator personally filled out a 'Post Mediation Agreement' form.  The Post Mediation Agreement contains the mediator's own handwritten notes on the settlement terms which included 'Walker/Philadelphia reserves its rights against Munich Re Insurance.'"  Nash I, 168 N.Y.S.3d at 678.

[5]     The court also noted that this "postmediation agreement was unsigned."  Nash II, 198 N.Y.S.3d at 340.

[Memorial] intended to be bound by the agreement reached during the mediation session and did not intend to pursue further litigation against [Defendant School]." <u>Nash II</u> at 340.

   Plaintiff PIIC alleges here that "there was no discussion during the Mediation of resolving Walker Memorial's third-party contractual indemnification claim against Defendant [School]" and that Plaintiff was not a party to subsequent discussions concerning the resolution of third-party claims. (Compl. ¶¶ 22-23.) Plaintiff further alleges that Walker Memorial did not have the authority to settle or waive Plaintiff's subrogation rights. (<u>Id.</u> ¶ 24.) Neither the Appellate Division's holding nor the Supreme Court's holding is so inconsistent with these well-pleaded allegations—which the Court must take as true at this stage—to warrant dismissal of the Complaint on waiver or any other grounds.

C<small>ONCLUSION</small>

   For the foregoing reasons, Defendant's motion to dismiss the complaint is denied. This Memorandum Order resolves Docket Entry No. 28. The above-entitled action will also be referred to a Magistrate Judge for general pretrial management (including scheduling, discovery, non-dispositive pretrial motions, and settlement). An order to that effect will follow entry of this Memorandum Order.

  SO ORDERED.

Dated: New York, New York
   September 30, 2024

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            Chief United States District Judge